UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HOWARD E. MARTIN, III,
Plaintiff,

vs

STATE OF OHIO,
Defendant.

Case No. 1:15-cv-315

Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

On May 13, 2015, petitioner filed a complaint in this Court. (Doc. 1). On June 1, 2015, the undersigned issued a Deficiency Order, requiring plaintiff to pay the full filing fee or to submit an application and affidavit to proceed *in forma pauperis*. (Doc. 2). Plaintiff filed a response on June 24, 2015, requesting that the Court issue an order to retrieve his filing fee from Howard E. Martin, Jr. or to send plaintiff an *in forma pauperis* application. (Doc. 3). The Court denied plaintiff's motion to the extent that plaintiff sought an order requiring Howard E. Martin, Jr. to provide plaintiff's filing fee and directed the Clerk of Court to provide plaintiff with an Application and Affidavit to Proceed Without Prepayment of Fees form. (Doc. 6).

On August 31, 2015, plaintiff submitted a response indicating that he is able to pay the filing fee. (Doc. 5). The undersigned construed the motion as a motion for an extension of time and by Order issued on September 16, 2015 granted the motion to the extent that plaintiff was ordered to pay the filing fee or submit an *in forma pauperis* application within thirty (30) days. (Doc. 6). Plaintiff was advised that "[i]f plaintiff fails to comply with this Order, the Court shall dismiss his case for want of prosecution." (*Id.*). On September 29, 2015, the Court's September 16, 2015 Order was returned to the Court as "Return to Sender Not Deliverable As Addressed Unable to Forward." (Doc. 7).

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). Failure of a party to inform the Court of a change in address or to respond to an order of the court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding. *See* Fed. R. Civ. P. 41(b).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

**IT IS SO RECOMMENDED.**

Date: 10/23/15

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HOWARD E. MARTIN, III,
    Plaintiff,

vs

STATE OF OHIO,
    Defendant.

Case No. 1:15-cv-315

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).